**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-4386**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DARON OWENS,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:22-cr-00229-M-BM-1)

---

Submitted:  September 22, 2025                  Decided:  October 6, 2025

---

Before WILKINSON, WYNN, and BERNER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Rebecca A. Olla, LAW OFFICE OF REBECCA A. OLLA, Durham, North Carolina, for Appellant.  David A. Bragdon, Katherine Simpson Englander, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daron Owens pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced Owens to 120 months of imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious issues for appeal but questioning whether Owens' guilty plea is valid, whether the sentence is reasonable, and whether the district court erred in denying Owens' pretrial motions to dismiss the indictment and suppress evidence. Finding no error, we affirm.

The district court conducted a thorough and complete plea colloquy before accepting Owens' guilty plea.  *See United States v. Fisher,* 711 F.3d 460, 464 (4th Cir. 2013) (finding a guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences."(internal quotation marks omitted)).  The record shows no plain error that could have affected Owens' substantial rights or the fairness and integrity of the proceedings; thus, Owens' guilty plea is valid.  *See United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014) (finding that where a defendant does not object to the plea hearing or attempt to withdraw their guilty plea, we review validity of guilty plea for plain error).

With respect to the sentence, we "review[] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse of discretion standard."  *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (internal quotation marks omitted).  "In determining procedural reasonableness, [we] consider[] whether the district court properly calculated the defendant's advisory

[G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *United States v. Jackson*, 127 F. 4th 448, 454 (4th Cir. 2025) (internal quotation marks omitted). "When determining whether the district court properly applied the advisory Sentencing Guidelines, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *Claybrooks*, 90 F.4th at 253 (internal quotation marks omitted).

If there is no significant procedural error, we then consider the substantive reasonableness of the sentence under "the totality of the circumstances." *Id*.; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). Where, as here, the sentence is within the advisory Guidelines range, we presume that the sentence is substantively reasonable. *United States v. Henderson*, 107 F.4th 287, 297 (4th Cir.), *cert. denied*, 145 S. Ct. 578 (2024). "The presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id*. (internal quotation marks omitted).

We have reviewed the record and conclude that the sentence is procedurally and substantively reasonable. The court properly calculated the Guidelines range after ruling on Owens' objections, heard from the parties, responded to the parties' arguments, and sufficiently explained the sentence. Based on the factors the district court identified, the sentence is substantively reasonable.

Finally, although counsel questions whether the court erred in denying Owens' motions to suppress evidence and dismiss the indictment, it is well established that, "when

3

a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea and has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea under Rule 11." *United States v. Glover*, 8 F.4th 239, 245 (4th Cir. 2021) (cleaned up); *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."). Here, Owens entered a valid and unconditional guilty plea and he has thus waived his right to contest the district court's denial of his pretrial motions.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Owens, in writing, of the right to petition the Supreme Court of the United States for further review. If Owens requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Owens.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4